1841.

STEWART
v.
TURNER.

not due, as well as not payable, until the quarter day has come. (a)

---

STEWART, *et al. v.* TURNER and others.

---

A master's office is a branch of the court of chancery. A witness there has a right, in the master's presence, but not privately, to consult counsel and may select the same as are employed by either party in the cause. He may demur to a question, taking upon himself the consequences. He need not answer any question which may tend to expose him to punishment, penalty or forfeiture; but though his answers might establish or tend to establish his indebtedness or liability in a civil suit, this cannot excuse him from answering. In an examination in a master's office, witness and counsel are to be governed by the same rules which would control them in a court of law. Counsel are not to hold a whispering conversation with a witness, nor retire with him for private consultation; nor, after consultation, dictate his answer. His advice must be given under the eye and in the hearing of the master. The witness is to give his answers in his own language.

---

*Feb. 24,*
*1841.*

*Practice.*
*Master's*
*office.*
*Witness.*
*Counsel.*

ON a receiver's reference, before master Wheeler, the course of conduct pursued by a witness and his counsel was considered improper; and an adjournment was had in order that the court might be moved for instructions. The master gave the following certificate; and upon which the court was moved for instructions:

"I, Russel C. Wheeler, one of the masters of this court residing in the city of New-York, do certify that, under an order made in this cause on the fourth day of January instant, by which, among other things, it was ordered that the interrogatories to the defendant James B. Glentworth and his answer thereto in the said order mentioned be referred to me to take such affidavits or other proof of facts therein mentioned as might be offered contradictory of the answers of the said defendant James B. Glentworth or in confirmation thereof, I

1841.

STEWART
*v.*
TURNER.

was attended, on the fifteenth day of January instant, by Mr. John F. Mitchell, the complainants' solicitor and by Mr. Charles Edwards as their counsel and by the complainant Edward E. Mitchell and by the defendant James B. Glentworth and by Mr. De Witt as his counsel; that Nathaniel Pierce was produced, sworn and examined as a witness on the part of the complainants; that, by consent of parties, before the examination of the said Pierce was concluded, I adjourned the said reference to the twenty-fifth day of January instant; at which time I was attended by the same parties as before, except that the said Glentworth did not attend. That the examination of the said Pierce being, at that time, resumed and he being asked by the complainants' counsel, ' at what time did you first know of the present suit?' said Pierce answered, 'I think in February last; it was the day that the two Mr. Mitchells first visited the warehouse. I cannot otherwise identify the time.' Being asked, ' did you, at that time, understand that a receiver had been appointed in this suit?' Mr. De Witt, the counsel for the said Glentworth, objected to the question. The complainants' counsel insisted upon the question; and I decided that the said Pierce must answer; said Pierce said he declined answering the question until he should have had an opportunity to consult his counsel whether he should answer the question, naming Mr. Edmonds as his counsel; said Pierce then consulted privately with Mr. De Witt and then said, having consulted with Mr. De Witt, ' he declined answering the question;' and he did not answer the question. That the complainants' counsel proceeded with the examination of said Pierce and, among other questions, asked him, ' In what way have you disbursed the amounts contained in Exhibit No. 1, A.?' Immediately whereupon Mr. De Witt spoke to said Pierce aside; against which the complainants' counsel remonstrated and Mr. De Witt claimed that he had a right so to communicate with said Pierce before he answered the question. I decided that, in my opinion, he had not; and directed that he refrain therefrom. That Mr. De Witt claimed that I had no right, on this reference, to control or direct the conduct of parties before me, any more than would a commissioner of deeds. Said Pierce answered, ' I have disbursed them upon the liens thereon.' The complainants' counsel then asked of

said Pierce the following question :. ' You are called upon for a particular account of those liens and of the particular amounts disbursed upon each.' To which said Pierce answered : ' I cannot give it here. I have not made it out. I must have time to make it out. I will do it as soon I can.' Mr. De Witt then spoke to said Pierce privately and they withdrew together into an adjoining room. They returned, when the said Pierce said to me, ' I have instructed Mr. De Witt to draw my further answer.' Mr. De Witt thereupon commenced writing ; and said Pierce required that the examination be suspended until Mr. De Witt should have drawn his answer to the question. I thereupon required the examination to proceed. The witness made no further answer until Mr. De Witt handed to him, said Pierce, a piece of paper upon which Mr. De Witt had been writing, which paper I directed said Pierce not to read, whereupon he laid the same upon the table before him ; that Mr. De Witt then stated that said paper contained an answer which he had drawn for said Pierce to make to the last question and claimed the right to have the same read by said Pierce and to give the same as his answer and stated what he said was the answer which he had written. That said Pierce again took said paper in his hand and held it out before him, with his eyes apparently directed towards it ; and then answered the question further. That the complainant's counsel afterwards put to said Pierce one other question, which he answered ; that while he was answering, Mr. De Witt interfered by saying what said Pierce meant and what he did not mean by the answer which he was giving. That I required Mr. De Witt to refrain therefrom, but he claimed that I had no right to control him in the matter ; he then handed to said Pierce a paper writing, at which said Pierce looked and who then answered further. I thereupon adjourned said reference on account of what I deemed the irregularity of the conduct of Mr. De Witt and the said Pierce ; and announced that I should not again proceed therein until they should consent to proceed in such manner as I should direct or until the court directed the mode of proceedings. All which, &c."

Mr. *John F. Mitchell* and Mr. *Charles Edwards* appeared in aid of the master's certificate.

Mr. ———, for other parties.

His Honor THE VICE-CHANCELLOR gave his views; the substance of which are embodied in the following order.

On filing a certificate of the master, Russell C. Wheeler, in this cause; and the affidavit of counsel for the defendant Glentworth and for the witness Nathaniel Pierce; and on hearing counsel on the parts of the complainants and of the said witness : it is declared that the master's office is an extension (or branch) of this court; that, on an examination of a witness before a master on a reference in any suit or proceeding pending in this court, the witness has the right, in the presence of the master, but not privately, to consult his own counsel; and may select, for such purpose, the counsel for the complainant or defendant as to the propriety or duty of answering any question proposed to him; that he may decline answering such question, taking upon himself the consequences of a proceeding as for a contempt if his objection is not well founded or he may demur to such question and then the matter will be heard on his demurrer as between him and the party proposing such question; that he is not bound to answer any question which will have a tendency to accuse himself of any crime or misdemeanor or to expose him to any penalty or forfeiture. But that his answer may establish or tend to establish that the witness owes a debt or is otherwise subjected to a civil suit, is no excuse for refusing to answer a question relevant to the matter in issue and proper to be put; that the witness and counsel are to be governed by the same rules which would control them on an examination before a jury in a court of law; that it is not to be permitted that counsel should hold a whispering conversation with a witness or retire with him during his examination for private consultation nor, after consultation, write out his answer, but his advice must be given under the eye and in the hearing of the master; there must be no room for suspicion of tampering with the witness or of suggesting his answers—more especially the witness must be left, after being advised as to his rights, to give his answers in his own language, without aid in writing or otherwise from counsel.

The master was correct in his decision; and it is ordered

that the reference be continued before him under the above instructions.