JACOB DORENDINGER, Appellant, *against* FRANK TSCHE-CHTELIN, Respondent.

(Decided March 15th, 1883.)

In an action for the malicious prosecution of a former action against plaintiff, in which he was arrested upon an order of arrest procured by defendant, neither the fact that such previous action was dismissed for want of prosecution, nor the fact that the order of arrest was vacated, is, of itself, sufficient evidence of want of probable cause.

Where the former action was itself an action for malicious prosecution of defendant by plaintiff upon a criminal charge, and on the trial of this action the affidavits upon which the order of arrest in such former action was vacated, being admitted in evidence without objection, tended to show that the criminal charge against defendant, upon which he had been arrested, and which was alleged by him to have been made by plaintiff, was in fact made by another person, but the testimony of witnesses on behalf of defendant showed that he had every reason to believe that the charge was made by plaintiff: *Held,* that the jury were fully justified in finding a verdict for defendant; for the charge made, whether it be the foundation of a criminal prosecution or of a civil action, must be shown to have been wilfully false to establish that want of probable cause, the inference and natural conclusion from which is that the criminal prosecution or civil suit was maliciously brought.

At the close of the trial of the action, plaintiff requested the judge to instruct the jury that if defendant had been guilty of any fraud or wrong by giving bogus bail or procuring the order of arrest, it would be an element for the jury to consider as to whether there was malice; and the judge declined to charge upon that point any further than he had already charged. *Held,* that this was not erroneous, since under the instructions already given, the jury were entitled to consider that circumstance, together with the other evidence, in determining whether the defendant had brought the action knowing that he had no ground of complaint against the plaintiff; and a finding that the defendant in bringing the action was actuated by malice, would not be sufficient to entitle the plaintiff to recover, in the absence of affirmative evidence establishing the want of probable cause.

Where, upon an objection to a question to defendant while under cross-examination as a witness, it appeared that his answer might tend to expose him to a charge of keeping a house of ill fame, an offense punishable by imprisonment in the common jail: *Held,* that the question was properly excluded; although it did not appear whether the objection was made by defendant himself or by his counsel, or whether it was his objection as defendant or as witness.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, affirming a judgment of that court entered upon the verdict of a jury.

The facts are stated in the opinion.

*Henry Wehle,* for appellant.

*Alfred Steckler,* for respondent.

CHARLES P. DALY, Chief Justice. — This action was brought by the plaintiff against the defendant for a mali-

cious prosecution, the malicious prosecution relied upon being also an action for malicious prosecution brought by the defendant against the plaintiff, in which the plaintiff was arrested upon an order of arrest, which order, upon the application of the defendant in that action and the plaintiff in this, was vacated, and the action was afterwards dismissed for want of prosecution.

It was incumbent upon the plaintiff in this action to show by affirmative evidence that the previous action for malicious prosecution was brought against him without probable cause ; which, where the facts are uncontradicted, is a question of law (*Bulkley* v. *Keteltas*, 6 N. Y. 384).

To prove the want of probable cause, the plaintiff, Dorendinger, gave in evidence the order upon which he was arrested in the previous action, and the affidavit of Tschechtelin, the plaintiff in that action, upon which the order was founded. Dorendinger, who was examined as a witness, testified to the fact of his arrest ; that he was in the custody of the sheriff for three hours ; the expense to which he was put thereby ; and that he made an affidavit on the motion to vacate the order of arrest, as to whether he had anything to do with obtaining the defendant Tschechtelin's arrest. Dorendinger's counsel then gave in evidence the order to show cause why the order of arrest should not be vacated, and seven affidavits, upon which the motion was made. It is said in the case that he also gave in evidence the order vacating the order of arrest, but it does not appear in the case. He also gave in evidence an order dismissing the previous action for want of prosecution, and the judgment entered up to that effect against Tschechtelin, adjudging costs in the action to Dorendinger ; upon which evidence the plaintiff rested.

The fact that that action was dismissed for want of prosecution was not, of itself, sufficient evidence of the want of probable cause (*Sinclair* v. *Eldred*, 4 Taunt. 7), though it would be *prima facie* evidence, if the action had been voluntarily discontinued (*Burhans* v. *Sanford*, 19 Wend. 417).

Nor would the fact that the order of arrest was vacated,

of itself, be sufficient evidence of a want of probable cause, as the action could still be prosecuted, the only effect of that order being to release Dorendinger from arrest pending the action.

Nor could the affidavits upon which he moved for the order vacating the arrest be received in this action as proofs of the facts alleged in them. If they could even have been received to show the grounds upon which the order of arrest was vacated, which is questionable, they did not show it, for several grounds are enumerated in the order to show cause, and as the order vacating the arrest is not in the case, it does not appear upon what ground the defendant was discharged from the arrest. But the defendant allowed these affidavits to be given in evidence without objection, so that the jury were entitled to take them into consideration; and the facts alleged in them would, if uncontradicted, be satisfactory evidence of a want of probable cause for bringing the action for a malicious prosecution, as they state that Dorendinger made no charge at the Eldridge Street Police Station against Tschechtelin on the 22d of March, 1882, as alleged in the affidavit upon which the order of arrest was granted; that the only charge upon which Tschechtelin was arrested and detained that day was a charge of assault and battery, preferred by one Charles Honegger against him. That this was corroborated by what appeared upon the examination of the record or blotters kept in the Eldridge Street Police Station and the Third District Police Court, in which the charge made by Honegger is recorded, and upon which there is no entry of any charge made by Dorendinger against Tschechtelin for any cause whatever. And it further appeared by these affidavits that a fraud was perpetrated, alike upon the court and the sureties who signed the undertaking given upon the arrest, who were procured by Tschechtelin, and who, in his presence and by the instrumentality of his attorney and of a notary, were induced to sign the undertaking in ignorance of its contents, and to sign the affidavits taken by the notary, which were false,

the sureties having no pecuniary means whatever, being wholly worthless.

The fact of bringing an action for an alleged criminal prosecution, which Dorendinger had never instituted, of which there was no record at the police station or the police courts, and fraudulently procuring such an undertaking to enable Tschechtelin in that action to obtain an order for the arrest of Dorendinger, was ample evidence of a want of probable cause for the action; and for the inference which a jury may draw from the want of probable cause, that it was brought maliciously. There was the affidavit on which the order of arrest was made, alleging that Dorendinger caused Tschechtelin to be arrested and locked up in the Eldridge Police Station on a charge of having robbed him of a gold watch, and the affidavit of Dorendinger, denying that any such charge had been made by him, which denial was corroborated by affidavits made by two other persons. Testimony of this description, in the form of affidavits, was of a very unsatisfactory kind in an action of this nature; but as the defendant allowed it to come in without objection, the jury were entitled to consider it.

The evidence on the part of the defendant, in answer to this presumptive case of the want of probable cause, was of a weightier character, being the oral evidence of witnesses who could be and were subjected to cross-examination, and which, as they were evidently believed, fully justified the jury in finding a verdict for the defendant. It was that such a charge was made at the police station; that Dorendinger was the leader in an outrageous assault made by him and two or three associates upon Tschechtelin, in his bar-room, in which they tore his watch out of his pocket, and during which Dorendinger went out on the sidewalk, called the police and told them to arrest Tschechtelin, which they did, and brought him to the police station, where Dorendinger made the charge that Tschechtelin had stolen his watch, and the defendant was locked up in the station house until the following morning, when he was discharged. It was evidence showing that Tschechtelin

had every reason to believe that he had been arrested and incarcerated upon a criminal charge made by Dorendinger, and if this was the case, the previous action was not one maliciously brought without probable cause (*Seibert* v. *Price*, 5 Watts & S. 438; *Foshay* v. *Ferguson*, 2 Denio 617), for the charge made, whether it be the foundation of a criminal prosecution or of a civil action, must be shown to have been wilfully false (*Cohen* v. *Morgan*, 6 Dowl. & R., 8; *Johnson* v. *Sutton*, 1 Term 540; 2 Greenleaf Evid. 453), to establish that want of probable cause, the inference and natural conclusion from which is that the criminal prosecution or civil suit was maliciously brought.

In the course of the trial the defendant, upon cross-examination, testified that he lived in a lodging-house kept by a woman whom he named. He was asked whether she was a friend of his, and the question was excluded under the plaintiff's exception. The defendant was then asked what kind of a house it was, which was objected to and excluded. The plaintiff's counsel then offered to show that the witness was a keeper of a house of ill-fame, which being objected to, the objection was sustained and the plaintiff excepted. This, as we understand it, was an offer to prove by the defendant's examination that he kept a house of ill-fame, an offense for which he might be subjected, as a disorderly person, to six months' imprisonment in the common jail (1 Rev. Stat. 638–640, §§ 1-10). A witness is not bound to answer whether he has been guilty of such an offense. If it appears upon the face of a question that an affirmative answer to it may expose, or tend to expose, the witness to a criminal charge, or to a penal liability, or to any kind of punishment, the witness is not bound to answer it. The right of a man to refuse to answer in such a case is, in the language of Phillips, a right of self-defense; for if he has a right to defend himself against a criminal charge, he must also have the right not to expose himself to such a charge (2 Phillips Evidence 417). Where such a question is put, a party, however, has no right to object on the ground that the answer may

criminate the witness; for the right to refuse to answer it is a personal privilege of the witness, which he may waive if he thinks proper; and, therefore, if he interposes no objection the question may be answered. But when such a question is put, it is due to the witness that the court should advise him of his privilege to answer it or not, as he thinks proper, that he may be fully informed of his rights, and if he refuses to answer, in the exercise of his privilege, no inference of the truth of the fact inquired about is to be drawn from that circumstance (*Rose* v. *Blakemore*, Ryan & Moo. 382; *Rex* v. *Watson*, 2 Stark. N. P. 158; *People* v. *Bodine*, 1 Denio 281; *People* v. *Carroll*, 3 Park. Cr. 73; *Taylor* v. *Wood*, 2 Edw. 94; *Stewart* v. *Turner*, 3 Edw. 458; *Southard* v. *Rexford*, 6 Cowen 255; *Paxton* v. *Douglas*, 16 Vesey 239; *Henry* v. *Salina Bank*, 1 N. Y. 83; 1 Greenleaf on Evid. § 451).

Whether the witness was advised of his privilege does not appear from the case as settled; nor whether the objection was made by the defendant himself or by his counsel. All that appears is that the question was objected to, and as the defendant was himself the witness, it was necessarily his objection, and we cannot distinguish, from what is before us, between his objection as a defendant and as a witness.

The defendant having objected to it, the judge was right in refusing to allow the plaintiff's counsel to show by the question put to the defendant that he was the keeper of a house of ill-fame.

The judge charged the jury that they should find for the defendant, unless they found that, at the time he procured the plaintiff's arrest, he knew he had no real cause of complaint against him; and if through malice the defendant procured the order of arrest, and had the defendant arrested, the plaintiff was entitled to a verdict. This was equivalent to saying that, if the defendant knew when he brought the action that he had no real cause of complaint, that he brought it without probable cause, and from malice, as necessarily inferable from the want of probable cause.

Under this instruction, the jury was entitled to consider the whole and every part of the evidence, and the judge was not called upon to instruct them that one particular part of it would be an element for them to consider as to whether there was malice. After this very comprehensive charge he was requested to instruct the jury that if the defendant had been guilty of any fraud or wrong by giving bogus bail or procuring the order of arrest, it would be an element for the jury to consider as to whether there was malice, and the judge declined to charge upon that point any further than he had already charged.

As there was no contradiction as to the manner in which the worthless securities had been procured in the action, the jury were entitled, under the instruction given, to consider that circumstance, together with the other evidence, in determining whether the defendant had brought the action knowing he had no ground of complaint against the plaintiff, and the judge was not called upon afterwards to instruct them that they might consider this circumstance in determining whether there was malice, for the finding that the defendant in bringing the action was actuated by malice would not be sufficient to entitle the plaintiff to recover, it being well settled that the existence of express malice is not enough to sustain the action, which can be maintained only by affirmative evidence establishing the want of probable cause (*Foshay* v. *Ferguson*, 2 Denio 619; 2 Greenleaf Evid. § 453).

In refusing the request asked, the judge added that if the defendant had been guilty of any fraud against the court, and the attention of the court was directed to it, the court would see that the guilty persons were punished for the wrong in proceedings for contempt; but that these things did not enter into the disposition of this case, which hinged upon malice or want of probable cause.

It is claimed upon the appeal that this must have misled the jury into the belief that the plaintiff had another remedy. I do not exactly understand what the appellant means by this suggestion, or how what the judge here said

would have the effect of leading the jury to suppose that the plaintiff had another remedy than this action for the alleged injury he had received ; nor is it material to inquire, for these remarks of the judge were not excepted to, the exception being to his refusal to charge as he had been requested to.

. I see nothing in the exceptions at folio 67, nor is the objection at folio 61 available upon appeal.

The judgment should be affirmed.

VAN BRUNT and BEACH, JJ., concurred.

Judgment affirmed.