# Seibert *against* Price.

In an action for a malicious prosecution, the question of probable cause should be submitted to the jury, not upon the fact of the guilt or innocence of the plaintiff, but upon the defendant belief· of his guilt or innocence.

In such action, it is proper to send out with the jury the information made by the defendant, upon which the plaintiff was arrested.

ERROR to the Common Pleas of *Lebanon* county.

George Price against Jacob Seibert. This was an action against the defendant for a malicious prosecution of the plaintiff for perjury. The court thus instructed the jury:

The jury is referred to the testimony of Ulrich and Stine, who were present when the plaintiff was examined as a witness before the jury in the matter of lunacy. And if the jury are satisfied from the evidence, that upon that occasion George Price, the plaintiff, did swear that William Seibert was called and examined as a witness for his brother Jacob in the suit between him and Peter Shoch, and persisted in this being the fact according to the testimony of Ulrich, and if you are satisfied that it was false and not the fact, the court instruct you that Jacob Seibert had probable grounds for instituting the criminal proceedings for perjury against George Price, and Jacob Seibert is not answerable in damages in the action for a malicious prosecution, although he did not succeed in convicting George Price of the charge. On the other hand, if the jury are satisfied that George Price testified before the inquest, that William Seibert was a witness in the suit between Peter Shoch and Jacob Seibert, but that he could not say which party called on him, or for which party he was a witness, according to the evidence of Samuel Lutz, a witness called by the plaintiff on this trial, and who was also present and heard George Price give evidence before the jury of inquiry; or if the jury are satisfied that George Price at first *testified* that William was a witness for his brother Jacob, and on being interrogated, he explained by saying he did not know for which party he was a witness, and only knew he was a witness in that case; then the court instruct you, that Jacob Seibert had no probable cause for

prosecuting Price for perjury, and is answerable to him in this action for a malicious prosecution, and malice may be inferred. In actions for malicious prosecutions, it is not sufficient that it is established to the satisfaction of the jury that the criminal prosecution was carried on with malice, but it must also appear, that there was a want of probable cause: if both these facts are not made out in this case, the plaintiff is not entitled to recover.

The plaintiff proposed to send out with the jury the affidavit (or information) made by Jacob Seibert before the magistrate when he instituted the proceedings against the plaintiff for perjury; to which the defendant objected, but the court overruled the objection and sealed an exception.

*Weidman,* for the plaintiff in error, contended that the court below had put the cause upon an erroneous ground to the jury. That the question to be submitted, was the defendant's belief of the truth of the charge he made. *Bull. N. P.* 14; 2 *P. A. Browne* 55; 8 *Cow.* 144; 4 *Watts & Serg.* 201: 2 *Esp.* 529; *Hammond's N. P.* 273; 1 *Term Rep.* 545; 3 *Esp. Rep.* 7; 2 *Stark. Ev.* 911; *note a.*

*Sanderson* and *Pearson,* contra, in support of the charge, cited 2 *Wend.* 424.

The opinion of the Court was delivered by

GIBSON, C. J.—The Judge put the question of probable cause upon the fact of what the plaintiff had actually sworn before the inquest, and not on the fact of what he was supposed to have sworn. It was a matter of much doubt at the trial of the present cause, whether he had said that the alleged lunatic had been called as a witness in *Schoch* v. *Seibert* by the defendant, or not; insomuch, that the witnesses who swore positively about it were divided, even insomuch, that a majority were in favour of the affirmative. In this conflict of perception, then, suppose that the prosecutor had acted on a mistaken belief that the plaintiff had sworn what would undoubtedly have been a perjury, would he not have acted on what appeared to have been justifiable cause; and if he did so act, would it not repel the implication of malice? Again, if the same misapprehension was entertained by the bystanders, would it not materially increase, in an indifferent mind, the probability of the witness's guilt? What is justifiable probable cause, in the technical sense? It is a deceptive appearance of guilt arising from facts and circumstances misapprehended or misunderstood so far as to produce belief; and when the subject of belief is the crime of perjury, the misapprehension may have regard to the extent of the swearing, as well as the truth of it. The question of probable cause, may as well depend on the one as on the other, the difference being, that a misapprehension or doubt

[Seibert v. Price.]

is more likely to occur in regard to the former than the latter. Still, the tenor of the testimony, resting as it does in the understanding and memory of the hearers, who may have misapprehended or forgotten it, may not be accurately perceived by the prosecutor; for the uncertainty of human perception is well known to those who are familiar with the examination of facts depending on oral proof. No two eye-witnesses ever yet exactly agreed in their account of a transaction; and nothing is more frequent than the misapprehension of a person's words. A by-stander relying on his own ears, may be grossly mistaken; and when the matter has regard to the sum of a witness's testimony instead of the truth of it, there may be such a mistake as to produce an appearance of perjury sufficient to justify a prosecution of it. If, then, there was a reasonable belief in the minds of the prosecutor and the by-standers that the plaintiff swore to what it is admitted would have been an untruth, whether the belief was well founded or not, there was probable cause amounting to justification.

The exception to the sending out of the prosecutor's affidavit before the magistrate, is not sustained. That document was not a deposition, but an indispensable part of the case put in evidence by the plaintiff himself; and, as such, it does not fall within the rule which excludes a deposition from the jury-room.

Judgment reversed, and a *venire de novo* awarded.