Foshay *v.* Ferguson.

### Foshay *vs.* Ferguson.

An action for malicious prosecution cannot be maintained without showing the absence of *probable cause,* in addition to proof of express malice.

Probable cause is a reasonable suspicion supported by circumstances, sufficient to warrant a cautious man in the belief that the person accused is guilty of the offence charged; and such cause will afford a defence to the action for malicious prosecution, however innocent the plaintiff may be.

But the facts inducing the suspicion must be known to the defendant, or he must have had information of them at the time of commencing the prosecution, or they will not avail him. *Per* Bronson, C. J.

Where, in an action for maliciously indicting the plaintiff for stealing cattle, it appeared that the plaintiff who was driving cattle to market, had, on passing the defendant's farm received into his drove two of the defendant's cattle, and had proceeded on his journey with them seventy miles, when he was overtaken by the defendant who charged him with the theft, and the plaintiff paid him a large sum to settle the affair; and the defendant was likewise informed that the plaintiff had on his route driven off cattle belonging to another person; *held* that the action would not lie though it was shewn that the plaintiff had instituted the prosecution from malicious motives, and the defendant had been acquitted.

Action for a malicious prosecution, tried before Ruggles, C. Judge, at the Westchester circuit, in November, 1843. The defendant had charged the plaintiff with stealing two of the defendant's yearling cattle, for which the plaintiff was indicted in Oneida county, in December, 1840; and he was tried and acquitted in March following. The leading features of the case, so far as they were known to the defendant at the time he went before the grand jury, were as follows. The defendant lived in Herkimer county. He owned a farm in Oneida county north of

Rome, where he kept cattle, under the charge of one Lambert. In the fall of 1840, the plaintiff passed this farm with a drove of cattle; and Lambert discovered the next day that a number of the defendant's yearling cattle were missing. He followed in the route of the drove, and found all but two or three of the cattle. While he was continuing the search for those, he learned from one Gage, that several of his cattle had been driven away; that he had pursued and overtaken the drove at Paris; had re gained his cattle, and the drover had settled with him. Gage was then returning with his cattle, and told Lambert he had no doubt the defendant's cattle were in the drove. Lambert then went to the defendant with this information; and they pursued and overtook the drove at Sharon, about 70 miles from Rome, where they had stopped for the night. The plaintiff owned and was with the drove. The defendant went into the lot with the plaintiff to examine the cattle, under the pretence that he wanted to purchase, and there the defendant found two of his yearlings. On being asked what he paid for such yearlings, the plaintiff answered that he could not tell—that his partner had purchased them. The defendant then told the plaintiff that he did not buy the cattle at all, but took them from him, and drove them off. He charged the plaintiff with stealing the cattle, and said he had a warrant for him, and would take him back to Rome. The plaintiff said he had rather settle it; said he had never been caught in such a scrape before; that he had got his foot in, and must get out of it as well as he could. The next morning the parties settled the matter, and passed receipts: the plaintiff paid the defendant $200 in cattle and $10 in money; and the plaintiff kept the defendant's two yearlings, which were worth about $10. The plaintiff went on with the drove to Westchester, where he resided. Soon after the defendant returned home, and before he went before the grand jury he saw Gage, who told him about the plaintiff's having driven off his cattle: and both expressed the opinion that all was not right with the drover. The plaintiff soon afterwards brought two suits against the defendant—one for slander in charging him with stealing the cattle; and an action of trover to recover the value of the cattle

which the defendant received on the settlement. The defendant then went before the grand jury. Evidence was given tending to show that the plaintiff was not guilty of larceny, and that the defendant acted maliciously in making the complaint. On the trial of the indictment, the plaintiff was not acquitted on the case made by the people; but called witnesses on his part. In this action the jury found a verdict for the plaintiff for $250 damages.

*H. Spencer·&· J. A. Spencer*, for the defendant, moved for a new trial on a case.

*M. T. Reynolds*, for the plaintiff, cited 1 *Greenl. R.* 135; 3 *Dev.* 454; 3 *Wash. C. C.* 31; 4 *B. & C.* 21; 11 *Ad. & Ellis*, 483; 3 *Bing. N. C.* 950; 4 *Iredell*, 389; *Bull. N. P.* 14.

*By the Court*, BRONSON, Ch. J. There was evidence enough in the case to warrant the jury in finding, that the defendant set the prosecution in motion from a bad motive. But all the books agree, that proof of express malice is not enough, without showing also the want of probable cause. Probable cause has been defined, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief, that the person accused is guilty of the offence with which he is charged. (*Munns v. Nemours*, 3 *Wash. C. C.* 37.) However innocent the plaintiff may have been of the crime laid to his charge, it is enough for the defendant to show, that he had reasonable grounds for believing him guilty at the time the charge was made. In *Swain v. Stafford*, (3 *Iredell, N. Car.* 289, *and* 4 *id.* 392,) the action was brought against the defendant, who was a merchant, for charging the plaintiff with stealing a piece of ribbon from his store. At the time the complaint was made, the defendant had received such information as induced a belief of the plaintiff's guilt; and although it afterwards turned out that the property had not been taken by any one, and was never out of the defendant's possession, it was held that an action for malicious prosecution could not be supported. The doctrine that probable cause depends on the knowledge or

information which the prosecutor had at the time the charge was made, has been carried to a great length. In *Delegal* v. *Highley,* (3 *Bing. N. C.* 950,) which was an action for maliciously, and without probable cause, procuring a third person to charge the plaintiff with a criminal offence, the defendant pleaded specially, showing that the plaintiff was guilty of the offence which had been laid to his charge; and the plea was held bad in substance, because it did not show that the defendant, at the time the charge was made, had been informed, or knew the facts on which the charge rested. The question of probable cause does not turn on the actual guilt or innocence of the accused; but upon the belief of the prosecutor concerning such guilt or innocence. (*Seibert* v. *Price,* 5 *Watts & Serg.* 438.)

Without going into a particular examination of the evidence in this case, it is enough to say that the defendant, at the time he went before the grand jury, had strong grounds for believing that the plaintiff had stolen the cattle : and, so far as appears, not a single fact had then come to his knowledge which was calculated to induce a different opinion. Although the plaintiff was in fact innocent, there would be no color for this action, if it were not for the fact that the defendant settled the matter with the plaintiff, instead of proceeding against him for the supposed offence. If the parties intended the settlement should extend so far as to cover up and prevent a criminal prosecution, the defendant was guilty of compounding a felony. And the fact that he made no complaint until the plaintiff commenced the two suits against him, goes far to show that he was obnoxious to that charge; and that he was governed more by his own interest, than by a proper regard to the cause of public justice. But however culpable the defendant may have been for neglecting his duty to the public, that cannot be made the foundation of a private action by the plaintiff. Although the defendant may have agreed not to prosecute, and the complaint may have been afterwards made from a malicious feeling towards the plaintiff, still the fact of probable cause remains; and so long as it exists, it is a complete defence. There is enough in the defendant's conduct to induce a rigid scrutiny of the defence. **But**

if upon such scrutiny it appear, that he had reasonable grounds for believing the plaintiff guilty, and there is nothing to show that he did not actually entertain that belief, there is no principle upon which the action can be supported.

On a careful examination of the case, I am of opinion that the verdict was clearly wrong. But as the charge of the judge is not given, we must presume that the case was properly submitted to the jury; and a new trial can therefore only be had on payment of costs.

Ordered accordingly.