Jones, J.
It was admitted on the argument that all the causes of action contained in the complaint are for malicious prosecution. One of the grounds of demurrer is that the complaint does not state facts sufficient to constitute a cause of action, in that it omits to aver that the prosecutions were without probable cause. The plaintiff’s counsel claims that it is unnecessary to insert this averment in the complaint.
I understand the law to be well settled that in order to maintain an action for malicious prosecution the plaintiff must, in addition to other matters, establish a want of probable cause. (Vanderbilt v. Mathis, 5 Duer, 304.) And it is equally well settled that every fact which the plaintiff must prove, to enable him to maintain his action, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated in the complaint.
It follows from these principles that the averment of want of probable cause is a necessary allegation to be contained in a complaint for malicious prosecution.
The plaintiff’s counsel cites in support of his proposition Purdy v. Carpenter, (6 How. Pr. 361;) and 1 Abbott’s Forms and Pleadings, (489.)
*66 The case of Purdy v. Carpenter was an action for libel, to sustain which action proof of want of probable cause is not necessary. On page 489, of Abbott’s Forms and Pleadings, there is a form of complaint for some cause of action which does not contain an averment of want of probable cause; but on page 486, there is one form which does contain this averment. If the form on page 489 was intended as a complaint in an action for malicious prosecution, then, according to the principles above laid down, it is radically defective in not containing the averment in question.
The plaintiff’s counsel, however, claims that the expressions “ maliciously intending to injure the plaintiff, caused to be made a false and malicious affidavit,” include an averment of want of probable cause. It is well established ■ that, although malice be well and sufficiently proven, yet that does not establish want of probable cause. (Foshay v. Ferguson, 2 Denio, 617. Morris v. Dupont, 3 Wash. C. C. R. 32.) Consequently, an averment of malice is not an' averment of want of propable cause, since, although malice be proved, yet that fact does not prove a want of probable cause.
Ebr does an allegation that the charge was false, include an averment that there was no probable cause for making the charge. This is apparent from the definition given of the term “ probable cause.” This definition is, “ that it is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant á cautious man in the belief that a person accused is guilty of the offense with which he is charged.” (See above cases.) This very definition is sufficient to show that although the charge may, in fact, be false, yet if the plaintiff is unable to show a want of probable cause, as that term probable cause is above defined, he cannot recover.
*67 It, therefore, follows that an averment of falsity of the charge does not include in it an averment of want of probable cause.
There were other questions raised on the argument of the demurrer, which it is not now necessary to consider.
Judgment for the defendants on the demurrer, with costs, with leave to the plaintiff to amend on payment of costs within twenty days. .