FOOTE, appellant, v. MILBIER.

*Malicious prosecution — probable cause.*

At the trial of an action for malicious prosecution evidence was given showing that one S. daubed defendant's fence with paint, and told defendant's wife that it had been done by plaintiff and her sister. He afterward told defendant that it was not done by them but by himself. Subsequently defendant procured a warrant against plaintiff and her sister for malicious mischief, and they were tried before a police justice and the complaint dismissed. It also appeared that defendant had agreed to settle the matter with S. *Held,* that it was a question for the jury whether defendant had probable cause for procuring the warrant, and a nonsuit was improper.

ACTION for malicious prosecution, tried at the Onondaga circuit. At the close of the evidence plaintiff was nonsuited and a judgment entered, from which plaintiff appealed. The facts appear sufficiently in the opinion.

*Fuller & Vann,* for appellants, cited *Haupt* v. *Pohlman,* 16 Abb. N. S. 301; *Foshay* v. *Ferguson,* 2 Denio, 617; *Miller* v. *Milligan,* 48 Barb. 30.

*Gray & Costello* and *L. E. Warren,* for respondent, cited *Vanderbilt* v. *Mathis,* 5 Duer, 304; *Berson* v. *Southard,* 10 N. Y. 236; *Miller* v. *Milligan,* 48 Barb. 30; *Foshay* v. *Ferguson,* 2 Denio, 617; *Bulkely* v. *Keteltas,* 6 N. Y. 384; *Masten* v. *Deyoe,* 2 Wend. 426.

TALCOTT, J. This is an action for a malicious prosecution. The plaintiff and her sister were arrested on the complaint of the defendant, charging them with malicious mischief, and were tried before the police justice of Syracuse and the complaint dismissed. The malicious mischief charged was the daubing of the defendant's fence with paint.

The fence was in fact daubed by one Slosser, who did it while in company with the plaintiff and her sister, who were walking ahead of him, and did not see Slosser when he did it, or know any thing about it till after it was done. The evidence tended to show that Slosser, on the day following the transaction, told defendant's wife that the girls, meaning the plaintiff and her sister, did it, but it also tended to show that Slosser subsequently, and before the defendant

made the complaint in question, retracted, in presence of defendant, the statement he had made to the defendant's wife, admitted that he himself was guilty of the act, and that the girls had nothing to do with it, and agreed with the defendant to settle the matter with him by the payment of $5 and procuring the fence to be repainted. This, as we understand the evidence, if the testimony of Slosser is to be believed, took place before the defendant made the complaint against plaintiff and her sister. If this is the true construction of the testimony we think there was a question for the jury, and the plaintiff was improperly nonsuited. It is said by BRONSON, J., in *Foshay* v *Ferguson*, 2 Denio, 617: "The question of probable cause does not turn upon the guilt or innocence of the accused, but upon the belief of the prosecutor concerning such guilt or innocence."

Undoubtedly the information which the defendant had received as to the statement of Slosser, if it stood alone would, under the circumstances, furnish proof of probable cause for the accusation against the plaintiff, but we think that after it appeared that Slosser had retracted his statement and admitted its falsity, and acknowledged himself as the only guilty party, there was a question which should have been left to the jury, whether the defendant, when he made the complaint, actually credited the statement Slosser first made, and commenced the prosecution in good faith.

The judgment is reversed and a new trial ordered, costs to abide the event.

*Ordered accordingly.*