By the Court.—Speir, J.
In order to sustain this action, it was necessary that the plaintiff must, prove both malice and probable cause. I can see no proof of malice in the case. The defendant had lost his property, and all the evidence shows, that upon discovering his loss, he took such steps as any person would be expected to do to recover it. He discovered the two bales he had lost in Burling slip at Dillon’s Cotton Press, with his marks upon them, identifying them as belonging to him. He first applied to the officer to ascertain if he could stop the cotton. He is told that he could not, unless there was a complaint made. This answer was according to the fact. The plaintiff showed that when cotton was once delivered at the cotton press by the carman, he, and no one else, had any further control over it. It goes in the course of business directly to the ship after it is pressed, and is considered as shipped when left at the press. " It is a fair inference, that if the defendant could have stopped the cotton at this stage of the proceedings, lie would have done so, and there would have been no necessity in making a complaint in order to regain it. Having applied to the captain of police to aid him in securing his cotton, he relied upon his judgment, and the next step to be taken was, who and where was the party who had taken it % In order to make the complaint, this was the only course left to be adopted.
The two bales had the defendant’s marks upon *387 them, which showed that they belonged to him ; and whoever had taken them, must be some person who had carted the cotton. The plaintiff was the. foreman, of the carman and had receipted for it, and must be the responsible person if any one was. After the officer had heard the statements of both sides, the defendant makes the complaint, and the plaintiff is arrested. How, in all this there is an entire failure of proof of malice. But it is well settled, that if malice had been expressly proven, the action could not be maintained without showing the absence of probable cause. Had the plaintiff been wholly innocent of the crime charged against him, it is enough for the defendant to show that he had reasonable grounds for believing him guilty at the time he made his complaint (Seibert v. Price, 5 Watts and SAerg. 438; Munns v. Nemours, 3 Wash. C. C. 37; Foshay v. Ferguson, 2 Denio 617).
There was abundant evidence for probable cause for the defendant’s action to justify the dismissal of the complaint. The officer into whose hands the case had fallen, acted, I think, with wise discretion and judgment. Upon hearing both sides of the matter, he heard the admission of the plaintiff that he had taken the property, and the only excuse he had to give. He heard the defendant’s statement, that it had been taken by the carman from his place without authority ; and the defendant’s identification of it. It is enough to say, without going into a particular examination of the evidence here, that the defendant had strong grounds for believing that the plaintiff had committed the offense. The case, therefore, comes within the definition of "probable cause.” He had reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.
The point is made by the plaintiff’s counsel, that there was a want of probable cause in following up the *388 prosecution of the plaintiff after his arrest. This objection is substantially answered in the preceding review of the facts, up to the time of the imprisonment. Nothing had taken place after the plaintiff’s arrest and imprisonment which could well remove the defendant’s belief m his guilt. No sufficient explanation of the circumstances were made which was calculated to remove the “probable cause.” So far as it appears, no single fact had come to the knowledge of the officer or defendant, which tended to create a different opinion. Besides, the proceedings had acquired too much importance, to be governed or controlled by individual interest. A proper regard to the cause of public justice required, that the case should not be longer subject to the private action of the plaintiff.
There is no ground for sustaining the action because the officer arrested the plaintiff without a warrant. Although no felony has in fact been committed, if the officer had reasonable grounds to suspect that one has ' been committed, and acts in good faith, without evil design, he can make the arrest without warrant. The property was found in the possession of the plaintiff, who admitted taking it, without showing any right to do so. The court upon all the evidence in the case had the clear right, I think, to treat the question of malice and probable cause as one of law and not for the jury (Burns v. Erben, 40 N. Y. 463; Masten v. Deyo, 2 Wend. 426).
The defendant is entitled to judgment upon the exceptions.
Sedgwick, J., concurred.