## Planters Insurance Company v. C. H. Williams.

Malicious Prosecution. *Probable cause defined. Character and quantity of evidence. Instruction.*

In an action to recover damages for an alleged malicious prosecution the following instruction was given for the plaintiff: "Reasonable and probable cause for a criminal prosecution depend very much upon the particular circumstances of each case; but the facts ought to show that the defendant exercised proper diligence and made honest and faithful inquiry into the facts and circumstances inducing belief in the guilt of the accused, and had knowledge of circumstances of his guilt sufficient to satisfy a reasonable mind that plaintiff was guilty and that his guilt could reasonably be expected to be established by a criminal prosecution; and if the jury believe that no such facts existed, and no such faithful and honest inquiry into the facts and circumstances of the guilt of the plaintiff was made by the defendant, then there was no reasonable and probable cause for the prosecution against the plaintiff." This instruction is erroneous (1) because it implies that one must not prosecute another except upon known evidence competent on the trial of the accused; and (2) because of the quantity of evidence required. It is not necessary to the justification of the defendant that he should have acted upon legal evidence, nor that the information relied upon should have satisfied his mind beyond a reasonable doubt, but only that it was sufficient to induce a reasonable belief of the guilt of the accused.

Appeal from the Circuit Court of Lauderdale County.

Hon. S. H. Terral, Judge.

C. H. Williams sued the Planters' Insurance Company for having, as alleged, maliciously prosecuted him upon a charge

of arson, in burning a house in which he was interested, for the purpose of procuring the insurance money which would become due thereon. The plaintiff recovered a judgment for $10,000, and the defendants appealed to this court.

*Nugent & McWillie*, for the appellant.

To justify this action, there must have been a want of probable cause for the prosecution, and it must be shown besides that the defendant acted from malice. If the prosecutor thought he had probable cause in conducting the prosecution, though none, in fact, existed, he is not liable for an honest mistake of judgment. Malice may be inferred from the want of probable cause, but is not presumed by law to arise therefrom. The discharge and acquittal of a party by the committing court before whom his case was examined is *prima facie* evidence of want of probable cause. If the belief of a party in the existence of probable cause be induced by his own error, mistake or negligence, it will not render him liable to the action, unless he acted without any occasion for suspicion furnished by the party prosecuted. Whether the alleged circumstances constituting probable cause exist or not is a question of fact for the jury; but whether supposing them to exist they amount to probable cause is a question of law for the determination of the court. Where a party acted on the advice of a lawyer to whom he has communicated the facts of the case, he is not amenable to a suit for malicious prosecution. *Greenwade* v. *Mills*, 31 Miss. 465 ; *Whitfield* v. *Westbrook*, 40 Miss. 311. In the case first cited, the court expressly declared that the court should not leave the question of probable cause to be settled entirely by the jury without any directions as to the principles of law arising from the evidence by which they should be governed in determining the question. "If there is no disputed question of fact," say the court, "no conflict of testimony and no question of credit of witnesses, it is competent for the court to instruct the jury whether the circumstances are or are not sufficient to show probable cause. But it is error for the court to refer the de-

termination of the question of probable cause to the jury under any state of the case, without declaring to them the principles by which they must be governed in determining the question, because it would be leaving to the jury the determination of questions of law." p. 467, 468. In this case the defendant believed that the slave was feloniously taken from his possession and carried away by the plaintiff, and the fact that he had no title to the slave does not alter the question, if he believed he had. And this is manifestly the rule, because the existence of malice in the mind of the prosecutor is the gist of the offence, and malice cannot be said to exist when the mind rests under a clear conviction or honest belief as to the rightfulness of the act complained of. So, though the defendant in the criminal proceeding was actually discharged by the committing magistrate, the honest belief in the mind of the prosecutor as to his guilt sufficed to overcome the inference which the jury were warranted otherwise in drawing from the fact of the acquittal and discharge. In the second case it was held that the want of probable cause was not *prima facie* evidence of malice, though it may be inferred by the jury from the want of probable cause. But this, as all other presumptions of fact, is derived wholly and directly "from the circumstances of the particular case by means of the common experience of mankind, without the aid or control of any rules of law whatever." As we take it, the rule thus announced in this case amounts to this, that the trial before, and acquittal by, a committing court charged with the duty of binding over accused parties where there is "probable cause" for suspecting guilt, is *prima facie* evidence of the want of probable cause and justly; that such want of probable cause, nothing else appearing in the evidence, is a fact from which the jury may infer malice, and that if the prosecutor actually believed in the guilt of the accused, he is not liable, unless this belief was induced by his own error, mistake or negligence, without any occasion for suspicion given by the party prosecuted. But what is probable cause? It is a belief in the guilt of the

accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man. *Van Sickle* v. *Brown*, 68 Mo. 627. It is that apparent state of fact, found to exist upon such inquiry as the given case rendered convenient and proper; and which would induce a reasonably intelligent man to believe the accused person had committed the crime charged against him. *Lacy* v. *Mitchell*, 23 Ind. 67. Reasonable grounds, the correlative or equivalent of probable cause, are such as would. induce an impartial and candid man, exercising ordinary caution and discrimination, in believing the defendant guilty. *Humphries* v. *Parker*, 52 Me. 502. Or, as stated by the Supreme Court of the United States, it is the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted. *Wheeler* v. *Nesbitt*, 24 How. 544. See 44 N. H. 520 ; 4 Cush. 239 ; 4 Wash. C. Ct. 79. Indeed, it has been decided by a painstaking judge, that if, by his folly or fraud the plaintiff exposes himself to a well grounded suspicion that he was guilty of the crime for which the defendant had him arrested, the prosecution was founded on probable cause. *Wilmouth* v. *Mountford*, 4 Wash. 79, 84.

*W. L. Nugent*, of counsel for the appellant, argued the case orally.

*Calhoon & Green*, on the same side.

The policy of our law encourages arrests by private persons, and requires only " reasonable ground to suspect and believe " the person to be guilty of a felony. Code sects. 3026–3113, 3030. Thus, legislative enactment indorses Chief Justice Shaw's opinion exonerating a prosecutor who proceeds on well-founded " suspicions." 4 Cush. 217 ; 3 B. Mon. 4. And the question of probable cause for arrest is identical with that of the legal right to arrest. *Gould* v. *Gardner*, 11 La. An. 289. It will be noted that our statute does. not require even that the prosecutor should believe the accused to

be guilty. It is sufficient if there be reasonable ground to believe. Would the facts warrant belief? That is the question. Very great circumspection is not required. The probability of after developments is an important consideration to a government encouraging prosecutions. Sect. 3113 authorizes warrant on affidavit of suspicion. Sect. 3030 protects the party arresting. To sustain the action for malicious prosecution, it must appear that appellants: (1) prosecuted Williams; (2) prosecuted him from malice, and (3) prosecuted him without probable cause. It devolved on Williams to show these three facts from the evidence. He must show negatively that there was no probable cause and he cannot show this by proving malice only. He must show malice, and he cannot show this by proving the want of probable cause only. We confidently submit that the facts in this record show probable cause in a most unusual degree, and that they utterly fail to show malice. The full and fair examination of the facts by counsel, and their advice that there was good ground for the prosecution is conclusive of this case. Biglow on Torts, 83; Cooley on Torts, 183; 8 Cal. 217; 17 Ala. 27; 7 Cal. 257; 26 Ill. 259; 8 La. An. 12; 9 Ib. 219; 16 Ib. 387; 8 Mo. 339; 25 Pa. St. 275. The finding of a bill by the grand jury being *prima facie* evidence of probable cause (4 J. J. Marsh. 628; Add. 270; Cheves, 32) becomes conclusive in this case, when it is shown they acted on the same evidence that    . appellants did, and there is no suggestion of subornation. When we consider that the real question is whether there was probable cause for the prosecution, and not whether appellants had probable cause to believe the appellee guilty (*Kirkman* v. *Griffin*, 6 Mo. 37,) the finding of an indictment would seem to settle the matter, in the absence of improper conduct by the grand jury or subornation by appellants. The third instruction for plaintiff, is vicious. It not only assumes the connection of defendants with the prosecution, but it tests probable cause by the belief of defendants that conviction might reasonably be expected. When the law is

pressed to the point of requiring such information as would create a reasonable belief that plaintiff committed the felony, the utmost limit has been reached. Cooley on Torts, 181. An honest, apparently well-founded and strong " suspicion " is enough. *Bacon* v. *Towne*, 4 Cush. 217–238. " Reasonable ground to suspect and believe " is enough, without any belief at all. Code, sect. 3026. True, some of the decisions talk about reasonable expectation of conviction; but this is always by way of illustration, and no case makes it an indispensable, as this instruction does. It is enough if circumstances strongly indicate guilt.

*S. S. Calhoon*, of counsel for the appellant, argued the case orally.

*W. H. Hardy*, for the appellee.

1. In an action for malicious prosecution four things must concur to enable the plaintiff to recover : (1) there must have been a prosecution ; (2) there must have been an acquittal ; (3) the prosecution must have been malicious ; (4) the prosecution must have been instituted without probable cause. Cooley on Torts, 181, 182, and note ; Bigelow on Torts, 77, 79 ; 2 Greenl. on Ev. 412, 415, and notes ; *Flickinger* v. *Wagner*, 46 Ind. 602.

2. The first and second of these constituents is admitted, the third and fourth are denied, or rather the third is confessed and avoided, whilst the fourth is stoutly denied.

3. This record is reeking with evidence of malice on almost every page ; for malice in this action does not mean ill will to the party prosecuted, but any motive or design, other than that of bringing the defendant to public justice. Cooley on Torts, 185 ; Bigelow on Torts, 87 ; *Barron* v. *Mason*, 31 Vt. 195.

4. Appellants seek to reverse the judgment of the court below upon the ground that they, in prosecuting appellee for arson, acted upon the advice of counsel. But this will not avail, because the record shows that they did not communicate all the facts within their knowledge to counsel ; (*a*) they did

not inform counsel that Shelton, the witness, upon whose testimony they relied, was of notoriously bad character for truth; (*b*) they did not tell counsel that the recent insurance taken out upon the hotel by Meridian Savings Institution was not new and original, but was a renewal. Bigelow on Torts, 84, 85; Cooley on Torts, 183. The instructions granted for plaintiff, and which are assigned for error, were properly given. 1 Am. Ld. Cas. (5th ed.) 266; 31 Vt. 195; Code 1880, sect. 3026; Cooley, *supra*.

*W. H. Hardy* also made an oral argument.

*J. W. Fewell* and *J. Z. George*, on the same side, filed each an elaborate brief discussing the facts of the case.

COOPER, J., delivered the opinion of the court.

The court erred in granting the third instruction asked by the appellee, which is as follows : " Reasonable and probable cause for a criminal prosecution depend very much upon the particular circumstances of each case, but the facts ought to show that the defendants exercised proper diligence, and made honest and faithful inquiry into the facts and circumstances inducing belief in the guilt of the accused, and had knowledge of circumstances of the guilt of the plaintiff sufficient to satisfy a reasonable mind that plaintiff was guilty, *and that his guilt could reasonably be expected to be established by a criminal prosecution honestly and fairly conducted,* and if the jury believe that no such facts existed, and no such faithful and honest inquiry into the facts and circumstances of the guilt of the plaintiff was made by the defendants, then there was no reasonable and probable cause for the prosecution against the plaintiff, and the jury will find for the plaintiff."

In the leading English case of *Sutton* v. *Johnstone*, 1 T. R. 269, it was said that a man might take up a prosecution " from circumstances which he really believes to be founded upon apparent guilt."

In *Munns* v. *Dupont*, 3 Wash. C. Ct. 31, Judge Washington

defined probable cause to be " a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged." This definition has been generally adopted by the American courts. 1 Am. Ld. Cas.; *Foshey* v. *Ferguson*, 2 Denio, 617; *Cabaness* v. *Martin*, 3 Dev. 454; *Seibert* v. *Price*, 5 Watts & S. 438; *French* v. *Smith*, 4 Vt. 363.

The proposition announced in the foregoing instruction, that the defendants must have had knowledge of circumstances of the guilt of the plaintiff sufficient to satisfy a reasonable man of his guilt, and that his guilt could reasonably be expected to be established by a criminal prosecution, puts upon the defendants the necessity of a circumspection and care rarely exhibited by the most prudent, and would have the effect to discourage all prosecutions of real or supposed criminals by private persons.

The instruction is erroneous : First, because it implies that one may not prosecute another save upon known evidence, competent in law on the trial of the accused ; and second, because of the quantity of such evidence required. No man can reasonably believe that a conviction can be had against one charged with crime, save upon the production of that character and quantity of evidence required by law. It is not true that the defendants must have proceeded upon legal testimony, or in default thereof will be held to have prosecuted without probable cause.

In *Brown* v. *Mason*, 31 Vt., Chief Justice Redfield examined the question at great length and said : "Probable cause is not to be confounded with actual guilt. Probable cause is only such a state of facts and circumstances as would lead a careful and conscientious man to believe that the plaintiff was guilty. This can only require that the defendant, upon prudent and careful inquiry, shall find the declared or reputed existence of such facts as indicate guilt with reasonable certainty. Mere general reputation will not constitute probable

cause. For a prudent man in instituting an important criminal prosecution would ordinarily look further and inquire for testimony ; but this he might fairly believe existed short of being told so by the witnesses themselves.''

In *Winnebiddle* v. *Porterfield*, 9 Pa. St., it was said : '' There must be some circumstances which would authorize a reasonable man to entertain a belief. It need not be legal evidence that would be sufficient to convict.''

The instruction not only errs as to the character of the evidence, but as to the quantity required to constitute probable cause. It is sufficient for this purpose if enough is known to induce a reasonable belief in the prosecutor of the guilt of the accused. It is not necessary that the circumstances known or believed shall be so full and conclusive as to demonstrate the guilt of the accused, or to satisfy the mind of that fact beyond a reasonable doubt.

All men are conclusively presumed to know the law, and the law in relation to conviction for crime is that the evidence must be sufficiently strong to convince a jury of the guilt of the accused beyond a reasonable doubt; if, therefore, it be true that to constitute probable cause the defendants must have been informed of facts and circumstances sufficient to justify a belief by them that the plaintiff could be convicted of the crime with which he was charged, they were bound to know, before commencing the prosecution, facts sufficient to exclude every reasonable doubt of guilt.

In *Plummer v. Green*, 3 Hawks, 66, it was shown that the plaintiff on one trial of a case, in which he was sworn as a witness, testified in one way as to certain material facts, and on a second trial testified materially different as to the same matters ; whereupon the defendant sued out a warrant for his arrest on a charge of perjury. As to which facts the court said : '' On this point the case should have been submitted to the jury to inquire whether the plaintiff's two oaths were in conflict with each other ; and even if they were not, whether the circumstances were such as to produce apparent guilt, and

raise a belief in the defendant that the plaintiff had perjured himself; and that in either of these two cases the defendant should be acquitted."

That case illustrates the error in the instruction given in this; for while the prosecutor therein might have had a very strong conviction that perjury had been committed, and might indeed have known that one or the other of the oaths was untrue, yet upon the proof only of the fact that the plaintiff had sworn differently on the two trials (and that was the only fact known to the prosecutor), no conviction could have been had.

The error indicated being sufficient to reverse the judgment, we have not particularly examined the other instructions given for the plaintiff. It may be well, however, to remark that we seriously doubt whether the facts of this case justified some of those asked and given, notably the fourth and fourteenth. The propositions therein announced may be correct as abstract statements of law, but this of itself does not make them appropriate to this suit.

In conclusion we have thought it advisable to say, that after a very careful examination of the record, we are satisfied that on the facts shown, if there had been no error of law, the verdict should have been set aside by the court below as opposed to the decided preponderance of the testimony.

Judgment reversed and cause remanded.