### JOHN R. RAY *v.* JAMES PATRICK.

**Malicious Prosecution — What Constitutes.**

> To maintain an action for malicious prosecution it is necessary to prove both malice and want of probable cause.[1]

**Same — Instructions.**

> In an action for malicious prosecution where the facts are shown in evidence, it is error to instruct the jury that the acquittal by the court before which the plaintiff was tried and acquitted was *prima facie* evidence of want of probable cause.

This was an action by appellee against appellant to recover damages for a malicious prosecution instituted against him by appellant and causing him to be arrested and tried on a charge of larceny

---

[1]

Want of probable cause is not alone sufficient to maintain an action for a malicious prosecution. Plaintiff must also show that the defendant acted from malice, although the prosecutor had no probable cause for instituting the prosecution yet, if he thought he had, he is not liable for an

in stealing hogs. From a verdict and judgment for plaintiff for $200, defendant appeals. Reversed and remanded.

The court gave the following instructions for plaintiff over the objection of defendant:

"First. The court instructs the jury that if they believe from the evidence that the plaintiff, J. M. Patrick, had, at and before the date of the affidavit and warrant made by defendant, Ray, upon which plaintiff was arrested, tried, and acquitted of the charge of grand larceny, a claim of wild hogs in the country adjacent to the home of defendant, Ray, and which was well known to defendant before the institution of the prosecution by him against Patrick, and if they further believe that J. M. Patrick caught and killed or sold hogs so running wild and unmarked in said range, believing that he had a valid claim upon them, and which was also known to Ray before said prosecution, then such a state of facts did not constitute larceny, and if the jury believe such to have been the facts of the case, then the law is that Ray is presumed to have known that Patrick was not guilty of larceny, and should find for plaintiff.

"Fifth. If the jury believe from the evidence that Ray made one or more affidavits charging Patrick with the crime of larceny and had a warrant issued for his arrest on said charge by a justice of the peace of Tippah county, and if they further believe that said Patrick was thereafter acquitted by the court before whom he was tried, then such acquittal is *prima facie* evidence of the want of probable cause for the prosecution, and will authorize the jury to find for the plaintiff unless overcome by testimony.

"Eighth. The court instructs the jury that mere good faith in making the accusation of larceny against Patrick by the defendant, without probable cause, is not a sufficient defense, nor his mere belief that he had good cause for commencing criminal proceedings, without probable cause of all the facts and circumstances under which he acted clearly shows that there was no probable cause for his prosecution and that his belief was groundless and

honest mistake of judgment. Greenwade *v.* Mills, 31 Miss. 464; Whitfield *v.* Westbrook, 40 Miss. 311.

The question of probable cause is a mixed proposition of law and fact. Greenwade *v.* Mills, 31 Miss. 464; Whitfield *v.* Westbrook, 40 Miss. 311; McNulty *v.* Walker, 64 Miss. 198.

The defendant is justified if the evidence is sufficient to induce the belief of the guilt of the accused. Insurance Co. *v.* Williams, 60 Miss. 916.

could not have been formed without the grossest ignorance and negligence, and if the jury believes from the evidence that no probable cause existed and the defendant, Ray, failed to use such prosecution as a prudent and discreet man would use it to ascertain that fact, although he acted entirely without malice, they will find for plaintiff."

Defendant's motion for a new trial was overruled, and he appeals.

APPEALED from Circuit Court, Third District, Tippah county.

Reversed and remanded, May 25, 1885.

. *Attorneys for appellant, Thurmond & Harris, B. F. Worsham, J. W. C. Watson.*

*Attorneys for appellee, Faulkner & Frederick.*

Brief of J. W. C. Watson:

, The testimony establishes probable cause for the prosecution in the premises.

· The first charge given by the court for Patrick is manifestly erroneous. This charge has no relation to the hogs, for the stealing of which they prosecuted Patrick. Every word said in his charge about hogs may be true, and still Patrick guilty of having stolen Ray's hogs, as charged by Ray in the affidavit he made as the foundation of a prosecution he instituted against Patrick. By his affidavit Ray charges Patrick with having stolen from him " on or about the 10th of February, 1884, swine that did belong to him, Ray, two black, one with little white about the breast, two sows, are marked with split in left ear, black and white spotted, six shoats, black and white spotted, one spotted sow and three black and white spotted." Now here is a specified charge he has given, and the hogs described as to number, flesh-marks, etc. It may be true that Patrick did catch and kill or sell hogs running at large in the range, believing that they belonged to him, and still it may also be true that he was guilty as charged in this affidavit. This first instruction of the court should have connected itself with the specific charge made by Ray against Patrick. But it does not, and is, therefore, error in this particular.

The third charge for plaintiff is erroneous in this: It does not restrict the jury to their belief founded upon the evidence. Where this charge says " and if the jury believes that defendant, Ray, rashly, wantonly, or wickedly trumped up the charge of larceny against Patrick out of weak and flimsy material," etc., they should have been told " if, from the evidence, they believed," etc. This charge also at the very outset implies that the defendant, Ray, " blindly and inconsiderately believed that there was reasonable grounds for the prosecution." The language is calculated to have misled the jury as to what the court believed. In still another particular this charge is erroneous. It concludes by telling the jury that " if there is a want of reasonable cause for the prosecution, they must find for the plaintiff," excluding thereby malice as an indispensable ingredient in the cause of action.

The fourth charge given for the plaintiff is erroneous in virtually making the want of probable cause conclusive evidence of malice. " The want of probable cause is not even *prima facie* evidence of malice." Whitfield v. Westbrook, 40 Miss. 318.

The fifth charge for plaintiff below erroneously made the acquittal by the justice *prima facie* evidence of the want of probable cause. The language is, " It is *prima facie* evidence of the want of probable cause and will authorize the jury to find for the plaintiff unless overcome by testimony." The law is that " the want of probable cause is not *prima facie* evidence of malice, by which a jury is bound until the contrary is proved. It is a presumption for the consideration of the jury, and to be decided by them consistent with truth and justice." 40 Miss. 318, 319.

The eighth charge for plaintiff below is erroneous, " because it left the question of probable cause to the jury entirely." 40 Miss. 316, 317.

The ninth charge for the plaintiff is erroneous, because it directed the jury to find for the plaintiff on a state of facts which might have shown probable cause and the total want of malice. If such is the law, " It will have the effect to discourage all prosecutions of real or supposed criminals by private persons." 60 Miss. 923.

The court further erred in this case by giving contradictory charges. Several of plaintiff's charges direct a verdict for him without making malice a condition precedent to suit pending, and then in defendant's charges, making malice a condition precedent.

The law of this case is so fully presented in the cases of Planters' Ins. Co. *v.* C. H. Williams, 60 Miss. 916, and Whitfield *v.* Westbrook, 40 Miss. 311, that a legal argument is deemed unnecessary by appellant's counsel.

Brief of B. F. Worsham and Thurmond & Harris:

First charge for appellee (see Record, page 9) we think is error. It is almost totally an abstract proposition, not applicable to the facts in this case.   *   *   *

The third instruction we think most manifestly error, in this, it is clearly assumed as a fact fully proven or admitted. There is no proof tending to show that Ray blindly and inconsiderately believed; there is no proof to show that Ray rashly, wickedly, or wantonly trumped up the charge of larceny against Patrick out of weak and flimsy material, showing no probable cause, for the purpose of annoying him or frightening him, or for the purpose of extorting money from him. Here the court, in this instruction, not only says to the jury that " if they believe certain things to exist, never hinted at in the testimony, showing no probable cause, but for the purpose of frightening him, Patrick, etc., then there is a want of probable cause." Here the court clearly refers the matter of probable cause to the jury in effect, that if they so believe, that is, that Ray acted as stated, showing no want of probable cause, then there is a want of probable cause, and they will find for plaintiff. Here again malice, though the gist of this action, is wholly left out of the question, as far as this instruction is concerned.

But the fourth charge,   *   *   *.   Here again the question of probable cause is left to the jury, and if the jury believed that there was no probable or reasonable ground, but that Ray acted " rashly, wickedly," etc., then the court says "malice is conclusive and there is no probable cause."   *   *   *   This instruction leaves the jury no discretion, but malice does not necessarily establish a want of probable cause. See Cooley on Torts, 1845.

The sixth charge again leaves the question of want of probable cause to the jury, but states another hypothetical case, and tells them if they believe the hypothesis, " malice *is* inferred (note this time conclusive) and there is a want of probable cause," and again we insist that it must be left to the jury whether malice is conclusive or inferred from a given state of facts. See Cooley on Torts,

184; Whitfield *v.* Westbrook, 40 Miss. 318, opinion of court, and then Greenleaf.

The seventh charge is objectionable, leaving the question of whether there was any ground known to Ray to the jury. * * * " It is error to refer the question of probable cause to the jury under any state of case, without delivering to them the principle by which they must be governed in determining the question." Whitfield *v.* Westbrook, 40 Miss., opinion of court, p. 317.

The eighth charge given for Patrick is contradictory. It, like others already noticed, leaves the question of probable cause to the jury. * * *

Brief of Falkner & Frederick:

It is the exclusive province of the jury to determine all questions where there is conflict in the evidence, and in this case the court will find from an examination of the record that the facts, fully established by the proof offered by the appellee on the trial in the court below, and not denied by the appellant, fully justified the verdict of the jury, and in all applications to displace verdicts regularly rendered the applicant must make it manifest to the court that injustice has been done. A full and complete defense must be set up so as to convince the court that upon another trial a different result would be reached. Huber *v.* Lane, 45 Miss. 608.

It is well settled by this court in the case cited below, that notwithstanding the misdirection of the court in giving an instruction, if the verdict be right, and a correct result be obtained, a new trial would be superfluous. Lushter & Tubby *v.* Barr, 45 Miss. 189; Wilson *v.* Korcheim, 46 Miss. 346; N. O. R. *v.* Burke, 53 Miss. 201.

In the case of N. O. R. *v.* Field, 46 Miss. 573, this court says the verdict of the jury will not be disturbed if it can be supported by any fair view of the testimony which may be taken, and have a right to take, although a particular instruction was refused, if, looking to all of the instructions given, the jury was furnished with full and sufficient guides as to the law to enable them to apply it to the facts of the case.

The affidavits and warrant charging the appellee with the crime of grand larceny, the return of the officer, and bond by appellee to answer the charge, and the judgment of acquittal by a court of competent jurisdiction, was the proof offered by the appellee, and

when the fact of acquittal was fully established, as was certainly true in this case, then there was *prima facie* a want of probable cause, and alone authorized a verdict for the plaintiff.   40 Miss. 317; 2 Greenleaf on Evidence, 455; 1 Hilliard, 420, 421.

This action may be maintained, although the warrant for the party's arrest does not describe the offense with which he is charged, and the affidavit misdescribes it.   1 Hilliard on Law of Torts (3d ed.), 427; Swing *v.* Sanford, 19 Ala. 605; Kline *v.* Shules, 8 Ind. 484.

Was there known to and influencing the appellant at the time he instituted the prosecution such a state of facts as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, upon the facts within his knowledge, to believe or entertain an honest and strong suspicion of appellee's guilt?   Unless this was true there was want of probable cause for the prosecution of Patrick, from which the jury may infer malice and will uphold a verdict for the plaintiff below.   I Hilliard on Torts (3d ed.), 430, § 18.   And the state of facts showing reasonable or probable cause must have existed at and before the institution of the prosecution and must have influenced the mind of the jury at the time of the act in question. 1 Hilliard, 429, § 17.

The charge No. 6, given at the instance of the plaintiff, is criticised by counsel because the jury are told that from the want of probable cause malice *is* inferred, instead of *may be* inferred.   In the case of Whitfield *v.* Westbrook, 40 Miss. 311, the court held the question of probable cause in an action for a malicious prosecution is a mixed proposition of law and fact, and the want of probable cause is a *circumstance* from which a jury *may infer* malice.

The fifth charge given for the defendant gives in full all of the testimony of the defendant, and charges the jury hypothetically that if they believe such to be the facts of the case they should find for the appellant.   The belief, however confident and strong, that a party has probable cause for prosecuting another, if induced by the prosecutor's own error, mistake, or negligence, and without any occasion of suspicion given by the party prosecuted, wil not amount to probable cause.   40 Miss. 311; 1 Hilliard on Torts, 432.
\*   \*   \*

The record shows that Ray knew of Patrick's claim to wild hogs,

that it was a *bona fide* claim upon the range, and gave him at least
the *prima facie* right to hunt and kill wild and unmarked hogs run-
ning at large on the range, and it is, therefore, sufficient evidence
of want of probable cause, and Ray is responsible.   Weaver *v.*
Townsend, 14 Wend. 192; 1 Hilliard on Torts, 433, note A.
Again, the mere belief on the part of Ray that the facts within
his knowledge would constitute the crime of grand larceny, when
it did not, will not furnish probable cause, and, if maliciously
done, constituted no defense in this section.   1 Hilliard, 432,
§ 18.   *   *   *

We find upon inspection of the assignment of errors that the
first and second are substantially the same.   As to the affidavit,
bond, and transcript of the justice of the peace, to which excep-
tions were taken, we have fully discussed their admissibility, and
now refer the court to our brief.

As to the objection made by appellant to charges one, three, four,
six, and eight, given for appellee, we think we clearly show by the
authorities cited that they fairly presented the law of the case
to the jury, and looking to all the charges given, both for appellant
and appellee, we think the learned judge rightly refused to grant
appellee a new trial.

The fourth ground assigned for error is that the court below re-
fused charges asked by appellant.   The appellant made no objec-
tion in his motion for a new trial, hence it is a rule of this court
that it will not hear objections not made in the court below.   Tem-
ple *v.* Hammock, 52 Miss. 360; Smith *v.* Sparkman, 55 Miss. 653.

OPINION.—CAMPBELL, J.:

The rules of law applicable to this case are clearly announced
in the following cases:   Greenwade *v.* Mills, 31 Miss. 464; Whit-
field *v.* Westbrook, 40 Miss. 311; Insurance Co. *v.* Williams, 60
Miss. 916.

Tried by them, it was error to give the first, fifth, and eighth
instructions for the plaintiff below, and the third, sixth, seventh,
and ninth instructions for him are justly subject to criticism as
calculated to mislead the jury.

A new trial should be had, and it is ordered.

*Reversed and remanded.*